UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERIC W. NORTHERN, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Case No. 1:16CV00100ERW |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Eric Northern's Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1].

**I. BACKGROUND**

On May 17, 2007, Petitioner Eric Northern ("Petitioner") was indicted for the federal offense of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On October 23, 2007, Petitioner pleaded guilty to the charge.

After the plea, the United States Probation Office issued a presentence investigation report ("PSR"), which stated that Petitioner had the following prior felony convictions for offenses qualifying as violent felonies under the ACCA:

  (1) On January 8, 1998, in the Circuit Court of Scott County, Missouri, in Case Number CR597-1092FX, for the felony of First Degree Burglary, (P.S.R. ¶ 30);

  (2) On January 8, 1998, in the Circuit Court of Scott County, Missouri, in Case Number CR597-1093FX, for the felony of Second Degree Burglary (P.S.R. ¶ 34);

  (3) On January 8, 1998, in the Circuit Court of Scott County, Missouri, in Case Number CR597-1095FX, for the felony of Second Degree Burglary (P.S.R. ¶ 38);

1

(4) On January 8, 1998, in the Circuit Court of Scott County, Missouri, in Case Number CR597-1096FX, for the felony of First Degree Burglary (P.S.R. ¶ 42); and

(5) January 8, 1998, in the Circuit Court of Scott County, Missouri, in Case Number CR597-1097FX, for the felony of Second Degree Burglary (P.S.R. ¶ 46);

The Court adopted the PSR, and on January 28, 2008, the Court sentenced Petitioner as an armed career criminal to 180 months' imprisonment, and a three-year term of supervised release.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to vacate, set aside, or correct his sentence. Petitioner argues his prior burglary convictions were erroneously deemed violent felonies. More specifically, he alleges that, some or all of his prior convictions for various burglaries could only qualify as crimes of violence under the *residual clause* of the ACCA, which was declared unconstitutionally vague in *Johnson*. The government responds that Petitioner's sentence is not affected by the holding of *Johnson*.

## II. DISCUSSION

In order to prevail on a § 2255 motion involving an ACCA conviction, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Givens v. United States,* No. 4:16-CV-1143 CAS, 2016 WL 7242162, at *2 (E.D. Mo. Dec. 15, 2016) (citations omitted).

As noted above, the ACCA increases the prison term for a person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), to a minimum of 15 years in prison if the person has had three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as: any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized language is the "residual clause" invalidated by *Johnson*, in a rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But the remaining clauses, including subsection (i) (the "elements clause") and the first part of subsection (ii) (the "enumerated offenses clause") are still effective. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony.").

To determine whether a prior burglary conviction is a violent felony under the ACCA's enumerated offenses clause, courts must apply the "categorical approach." *Mathis v. United States,* 136 S. Ct. 2243, 2247-48 (2016). Specifically, courts must compare the elements of the statute under which the criminal defendant was convicted with the "generic" definition of burglary set forth in *Taylor v. United States*, 495 U.S. 575, 598-99 (1990). *Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). *Taylor* defines "generic" burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248.

Many state burglary statutes are phrased alternatively, with some alternatives defined more broadly than generic burglary. Courts faced with an over-inclusive statute must first decide whether the statute is divisible. To do this, "*Mathis* explained that . . . the court must determine

3

whether the listed alternatives are elements of different crimes or factual means of satisfying a single element of a single crime." *United States v. McArthur*, No. 14-3335, 2017 WL 744032, at *6-*7 (8th Cir. Feb. 23, 2017). "Elements are the things the prosecution must prove to sustain a conviction," whereas "[m]eans are how a given defendant actually perpetrated the crime." *United States v. Lamb*, 847 F.3d 928, 931 (8th Cir. 2017) (citing *Mathis*, 136 S. Ct. at 2248, 2251). "To distinguish between elements and means, federal sentencing courts should look at authoritative sources of state law such as a state court decision that definitively answers the question, or the statute's text," and "[i]f necessary, the court may peek at the record of the prior conviction, but only to determine if the statutory alternatives are elements or means." *Id*.

If the alternatives are elements, the statute is "divisible," and the court may apply a "modified categorical approach," by which the court should "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime." *Mathis*, 136 S. Ct. at 2256. But if the alternatives are means, then the statute is indivisible, and the court is limited to the categorical approach, "looking to the element of the offense as defined in the statute of conviction rather than to the facts underlying the conviction." *United States v. Parrow*, 844 F.3d 801, 802 (8th Cir. 2016).

Here, the Court is bound by the Eighth Circuit's recent decision in *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016). Under Missouri law, "[a] person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1. In *Sykes*, the Eighth Circuit found that this statute is divisible as to location of the burglary because it "contains at least two alternative elements: burglary 'of a building' and

4

burglary of 'an inhabitable structure,'" and it is therefore appropriate to apply the modified categorical approach to determine which alternative element the past conviction fell under. *Sykes*, 844 F.3d at 715. The Eighth Circuit held the alternative of "[s]econd-degree burglary of a building conforms to the elements of a generic burglary promulgated in *Taylor*," and a past conviction under this alternative qualifies as a violent felony under the ACCA's enumerated offenses clause. *Id.* Applying the modified categorical approach here, the Court reviewed the informations for Petitioner's prior burglary convictions. It is undisputed the informations for Petitioner's second-degree burglary convictions charged him with burglary of a building. Therefore, these convictions qualify as violent felonies under the ACCA, and Petitioner remains an armed career criminal. Thus, the Court will deny Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1].

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Northern's Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 1] is **DENIED** and **DISMISSED**.

Dated this 26th Day of April, 2017.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE